**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH EUGENE GENTRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-CV-795-GKF-FHM |
| ) | |
| DAVID PARKER, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears pro se. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 11). Petitioner filed a response (Dkt. # 17) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred.

*BACKGROUND*

The record reflects that at the conclusion of a jury trial held in Delaware County District Court, Case No. CF-2008-244, Petitioner Joseph Eugene Gentry was convicted of Attempting to Elude a Police Officer, After Former Conviction of Two or More Felonies. On April 1, 2009, he was sentenced to forty (40) years imprisonment in accordance with the jury's recommendation. See Dkt. # 12, Ex. 1.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion filed May 28, 2010, in Case No. F-2009-336, the OCCA affirmed

the Judgment and Sentence of the trial court. See Dkt. # 12, Ex. 2. Nothing in the record suggests that Petitioner sought *certiorari* review in the United States Supreme Court.

On August 9, 2011, Petitioner filed an application for post-conviction relief. See Dkt. # 12, Ex. 3. By order filed October 26, 2011, the state district court denied post-conviction relief. Id. Petitioner attempted to perfect a post-conviction appeal at the OCCA. However, by order filed December 12, 2011, in Case No. PC-2011-1041, the OCCA declined jurisdiction and dismissed the appeal, citing Rule 5.2(C)(2), and finding that Petitioner had failed to attach a certified copy of the district court order being appealed. See Dkt. # 12, Ex. 5.

On December 22, 2011, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Although the handwritten dates are difficult to read, it appears that Petitioner states, under penalty of perjury, that he placed the petition in the prison mailing system on December 15, 2011, but that he did not sign the petition until December 19, 2011. See Dkt. # 1.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 　　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 　　(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 　　(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on August 26, 2010, after the OCCA concluded direct review on May 28, 2010, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on August 27, 2010, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after Monday, August 29, 2011,[1] would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The record reflects that on August 9, 2011, or twenty (20) days prior to expiration of the one-year period, Petitioner filed his application for post-conviction relief. Therefore, the limitations period was tolled, or suspended during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for

---

[1] August 27, 2011, fell on a Saturday. Therefore, Petitioner's deadline was Monday, August 29, 2011. See Fed. R. Civ. P. 6(a)(3)(A).

3

post-conviction relief was pending in the state district court from August 9, 2011, to October 26, 2011, or for 78 days. Petitioner attempted to perfect a post-conviction appeal. However, the OCCA declined jurisdiction and dismissed the appeal based on Petitioner's failure to comply with state procedural rules. Therefore, Petitioner did not "properly file" his post-conviction appeal and he is not entitled to tolling under 28 U.S.C. § 2244(d)(2) for the time the attempted post-conviction appeal was pending. Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000). Nonetheless, he is entitled to an additional 30 days of tolling, the time period allowed under state law for perfection of a post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Thus, the limitations deadline in this case was extended a total of 108 days beyond August 29, 2011, or until December 15, 2011. The Clerk of Court received the petition on December 22, 2011. Therefore, unless Petitioner is entitled to benefit from the prisoner "mailbox rule," see Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (applying prisoner "mailbox rule" to filing of habeas petition), or to other statutory or equitable tolling, this petition is time barred.

Under the prisoner mailbox rule, a "pro se prisoner's [filing] will be considered timely if given to prison official for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Houston v. Lack, 487 U.S. 266, 276 (1988). The Tenth Circuit Court of Appeals has held that "[a]n inmate can obtain the benefit of the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under

penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

In this case, Respondent recognized that consideration of the "prisoner mailbox rule" would be necessary to determine the timeliness of the petition. Therefore, Respondent provided the relevant record, including the prison's outgoing legal mail logs, as part of his brief in support of the motion to dismiss. See Dkt. # 12, Exs. 6 and 7. That record demonstrates that Petitioner's facility, the James Crabtree Correctional Center (JCCC), maintains a legal mail system. See id. Under that system, prison officials accept inmates' outgoing legal mail in the prison's law library and transmit it to the mail room that same day. All outgoing legal mail received at the law library is entered on the JCCC Law Library Daily Mail Log. See Dkt. # 12, Ex. 6. The outgoing legal mail is also entered on the JCCC log book, as maintained by the prison's mail room. Id., Ex. 7. The affidavits provided by JCCC officials, and as confirmed by the outgoing legal mail logs, reflect that during the month of December 2011, Petitioner used the JCCC legal mail system to mail materials to the Northern District of Oklahoma on two (2) dates, December 20, 2011, and December 30, 2011. Both of those dates are after Petitioner's final deadline of December 15, 2011. In his response to the motion to dismiss, see Dkt. # 17, Petitioner does not controvert Respondent's evidence. Therefore, the Court finds that even if Petitioner used the JCCC legal mail system to mail his petition, the earliest possible file date for this petition is December 20, 2011, or five (5) days after expiration of the limitations period.

In response to the motion to dismiss, Petitioner states that he is "indigent and functionally illiterate" and has had to depend on the "subpar pro se prisoner legal assistance program" available at JCCC. See Dkt. # 17. Petitioner claims that the limited legal assistance provided at his facility

violates his constitutional right to access the courts and rises to the level of a "state created impediment" entitling him to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). The Court rejects these arguments. The United States Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," Lewis v. Casey, 518 U.S. 343, 351 (1996), but rather a "right of access to the courts," id. at 350. Cf. Smith v. Shawnee Library Sys., 60 F.3d 317, 323 (7th Cir. 1995) ("There is no 'right to browse' [a prison library]."). In order to establish a violation of the constitutional right of access, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. It follows that, to invoke § 2244(d)(1)(B)'s tolling provision-to show that an "impediment . . . created by State action in violation of the Constitution . . . prevented" the filing of a timely petition-an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); Mayes v. Province, 376 Fed. Appx. 815, 816-17 (10th Cir. 2010) (unpublished)[2] (same); Garcia v. Hatch, 343 Fed. Appx. 316, 318 (10th Cir. 2009) (unpublished) (same); Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in

---

[2]Citation to this and other unpublished opinions is for persuasive value. See 10th Cir. R. 32.1(A).

a timely manner). In this case, Petitioner makes only conclusory statements and fails to make the necessary showing.

Significantly, on May 26, 2011, before filing the petition in this case, Petitioner filed in this Court a document requesting an extension of time to prepare and file a timely habeas corpus petition. Petitioner stated his belief that his one-year limitations period would expire on May 28, 2011. Based on Petitioner's request, the Clerk of Court opened a habeas corpus action, N.D. Okla. Case No. 11-CV-330-CVE-FHM. In an Order filed May 31, 2011, the Court gave Petitioner direction concerning calculation of the limitations period, advised Petitioner that it lacked authority to grant the requested extension of time, and, for that reason, denied the motion for extension of time. The Court further advised Petitioner that his request for an extension of time did not stop the running of the limitations clock and directed Petitioner to submit promptly a petition for writ of habeas corpus and to pay the $5.00 filing fee on or before June 30, 2011. The Clerk of Court sent Petitioner a blank habeas corpus form for his use in preparing a petition. Despite the Court's admonishments, Petitioner failed to either pay the required filing fee or file a petition. As a result, on August 26, 2011, the case was administratively closed. Nonetheless, by filing that motion for an extension of time, Petitioner demonstrated both an awareness of the looming limitations deadline and an ability to access the Court.

The Court further finds that Petitioner has failed to demonstrate entitlement to equitable tolling of the limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller, 141 F.3d at 978; see also Gibson, 232 F.3d at 808. To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

7

in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Equitable tolling is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, Petitioner has not demonstrated "extraordinary circumstances" justifying equitable tolling. Petitioner's ignorance of the law does not excuse his failure to file a timely petition, id. ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)), nor is his untimeliness excused because he relied on prison law clerks, id. (holding assistance petitioner received from an inmate law clerk did not relieve him of personal responsibility to file within the AEDPA's one-year period). See also United States v. Denny, 694 F.3d 1185 (10th Cir. 2012); United States v. Martinez, 303 Fed. Appx. 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner). Also, courts have rejected prisoners' claim that illiteracy warrants equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding illiteracy does not merit equitable tolling); Mukes v. Warden of Joseph Harp Correctional Center, 301 Fed. Appx. 760, 763 (10th Cir. 2008) (unpublished) (noting that grounds alleged to justify equitable tolling, including illiteracy,

8

incompetent prison law clerks, and ignorance of the law, had been consistently rejected). Petitioner is not entitled to equitable tolling.

The Court concludes that because Petitioner is not entitled to equitable tolling of the limitations period, the petition, filed December 22, 2011, is untimely.  Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  He is not entitled to equitable tolling of the limitations period.  Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

9

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

4. A certificate of appealability is **denied**.

DATED THIS 21st day of December, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT